# EXHIBIT "A"

Filed:_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------x

WENDI KRONER,

                Plaintiff,

-against-

PETSMART LLC,

                Defendant.
------------------------------------------------------------------x

INDEX NO.

Plaintiff designates Bronx
County as the place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:
1720 Mayflower Avenue
Apt. 6F
Bronx, New York

**To the above named Defendant:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

    In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Bronx, New York
         September 17, 2021

DELLA MURA & CIACCI LLP

By: Walter F. Ciacci, Esq.
Attorneys for Plaintiff
981 Allerton Avenue
Bronx, New York 10469
(718) 405-1500

PETSMART LLC
600 Mamaroneck Avenue, Suite 400
c/o CORPORATE CREATIONS NETWORK INC.
Harrison, New York 10528

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
WENDI KRONER,

                Plaintiff,                      INDEX NO.

    -against-

                                                      **VERIFIED COMPLAINT**
PETSMART LLC,

                Defendant.
-----------------------------------------------------------------x

    Plaintiff, by her attorneys, DELLA MURA & CIACCI LLP., as and for her Complaint, respectfully alleges, upon information and belief:

    1.    The plaintiff, WENDI KRONER, at all times herein mentioned was and still is a resident of the County of Bronx and the State of New York.

    2.    The defendant PETSMART LLC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Westchester and the State of New York.

    3.    The defendant PETSMART LLC, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

    4.    The defendant, PETSMART LLC, at all times herein mentioned conducted and carried on business in the County of Westchester and the State of New York.

    5.    The defendant, PETSMART LLC, at all times herein mentioned was and still is a partnership doing business in the County of Westchester and the State of New York.

    6.    The defendant, PETSMART LLC, at all times herein mentioned was and still is a limited liability partnership doing business in the County of Westchester and the State of New York.

    7.    The defendant, PETSMART LLC, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Westchester and the State of New York.

    8.    The defendant, PETSMART LLC, at all times herein mentioned was and still is a

sole proprietorship doing business in the County of Westchester and the State of New York.

9. At all times herein mentioned, defendant PETSMART LLC transacted business within the State of New York.

10. At all times herein mentioned, defendant PETSMART LLC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant PETSMART LLC expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant PETSMART LLC derived substantial revenue from interstate or international commerce.

13. At all times herein mentioned, WENDI KRONER was lawfully upon defendant's premises.

14. At all times herein mentioned, the defendant PETSMART LLC owned the premises located at 830 Pelham Parkway, Pelham Manor, New York.

15. At all times herein mentioned, the defendant PETSMART LLC was one of the owners of the premises located at 830 Pelham Parkway, Pelham Manor, New York.

16. At all times herein mentioned, the defendant PETSMART LLC was a lessee of the premises located at 830 Pelham Parkway, Pelham Manor, New York.

17. At all times herein mentioned, the defendant PETSMART LLC, defendant's servants, agents and/or employees operated the premises located at 830 Pelham Parkway, Pelham Manor, New York.

18. At all times herein mentioned, the defendant PETSMART LLC, defendant's servants, agents and/or employees maintained the premises located at 830 Pelham Parkway, Pelham Manor, New York.

19. At all times herein mentioned, the defendant PETSMART LLC, defendant's servants, agents and/or employees managed the premises located at 830 Pelham Parkway,

Pelham Manor, New York.

20. At all times herein mentioned, the defendant PETSMART LLC, defendant's servants, agents and/or employees controlled the premises located at 830 Pelham Parkway, Pelham Manor, New York.

21. At all times herein mentioned, the defendant PETSMART LLC, defendant's servants, agents and/or employees supervised the premises located at 830 Pelham Parkway, Pelham Manor, New York.

22. On or before August 12, 2021, the defendant PETSMART LLC, defendant's servants, agents and/or employees repaired the premises located at 830 Pelham Parkway, Pelham Manor, New York.

23. On or before August 12, 2021, the defendant PETSMART LLC, defendant's servants, agents and/or employees inspected the premises located at 830 Pelham Parkway, Pelham Manor, New York.

24. On or before August 12, 2021, the defendant PETSMART LLC, defendant's servants, agents and/or employees constructed the premises located at 830 Pelham Parkway, Pelham Manor, New York.

25. On or before August 12, 2021, the defendant PETSMART LLC, defendant's servants, agents and/or employees designed the premises located at 830 Pelham Parkway, Pelham Manor, New York.

26. At all times herein mentioned, it was the duty of the defendant PETSMART LLC, defendant's servants, agents and/or employees to maintain said premises located at 830 Pelham Parkway, Pelham Manor, New York, in a reasonably safe and suitable condition and in good repair.

27. Solely as a result of the defendant's negligence, carelessness and recklessness, WENDI KRONER was caused to suffer severe and serious personal injuries to mind and body,

and further, that WENDI KRONER was subjected to great physical pain and mental anguish.

28. By reason of the foregoing, WENDI KRONER was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and WENDI KRONER will be permanently caused to suffer pain, inconvenience and other effects of such injuries; WENDI KRONER incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and WENDI KRONER will be unable to pursue WENDI KRONER's usual duties with the same degree of efficiency as prior to this accident, all to WENDI KRONER's great damage.

29. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

30. Due to defendant's negligence, plaintiff is entitled to damages.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Bronx, New York
September 17, 2021

By: Walter F. Ciacci
**DELLA MURA & CIACCI LLP.**
Attorneys for Plaintiff
981 Allerton Avenue
Bronx, New York   10469
(718) 405-1500

## VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Bronx )

WENDI KRONER BEING DULY SWORN, DEPOSES AND SAYS:

THAT DEPONENT IS THE PLAINTIFF IN THE WITHIN ACTION. THAT DEPONENT HAS READ THE FOREGOING _____Complaint_____ AND KNOWS THE CONTENTS THEREIN TO BE ALLEGED UPON INFORMATION AND BELIEF, AND THAT AS TO THOSE MATTERS, DEPONENT BELIEVES IT TO BE TRUE.

_____
WENDI KRONER

Sworn to before me this
17th day of September 2021

_____
NOTARY PUBLIC

WALTER F. CIACCI
Notary Public, State of New York
No. 02CI6091751
Qualified in Westchester County
Commission Expires 05/19/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

WENDI KRONER

Plaintiff,

-against-

PETSMART LLC,

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

DELLA MURA & CIACCI LLP
ATTORNEYS AND COUNSELLORS AT LAW

Attorney(s) for Plaintiff

981 ALLERTON AVENUE
BRONX, NEW YORK 10469

TELEPHONE (718) 405-1500

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated:...................... Signature ......................

Print Signer's Name......................

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on       20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                    , one of the judges of the within-named Court,
at
on            20    , at      M.

Dated:

DELLA MURA & CIACCI LLP
ATTORNEYS AND COUNSELLORS AT LAW

Attorney(s) for

To:

981 ALLERTON AVENUE
BRONX, NEW YORK 10469

Attorney(s) for